TROUTMAN SANDERS LLP
Mark J. Payne, Bar No. 157989
mark.payne@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
OVERHILL FARMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLEN A. BELTRAN ZAMORA, an individual, on behalf of others similarly situated, and as aggrieved employee under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>v.<br><br>OVERHILL FARMS, INC., a Nevada corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:19-cv-3891<br><br>(Los Angeles Superior Court Case No. 19STCV10854)<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1331, 1367, 1441(a) and (c), 1446(a), (b) and (d)] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF MARLEN A. BELTRAN ZAMORA, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Overhill Farms, Inc. hereby removes to this Court the state court action described below. This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446(a), (b) and (d), for the reasons stated below.

///

38690704

**STATE COURT COMPLAINT**

1. On March 29, 2019, Plaintiff Marlen A. Beltran Zamora filed a Complaint against Overhill Farms in the Superior Court of the State of California for the County of Los Angeles, entitled *Marlen A. Beltran Zamora, et al. v. Overhill Farms, Inc.*, Case No. 19STCV10854 (the "State Court Action"). The Complaint alleges nine causes of action against Overhill Farms, including "1. Failure to Provide Required Meal Periods, 2. Failure to Provide Required Rest Periods, 3. Failure to Pay Overtime Wages, 4. Failure to Pay Minimum Wage, 5. Failure to Pay All Wages Due to Discharged and Quitting Employees, 6, Failure to Furnish Accurate Itemized Statements, 7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties, 8. Unfair and Unlawful Business Practices, 9. For Civil Penalties under the Labor Code Private Attorneys General Act of 2004." A copy of the Complaint is attached hereto as Exhibit A.

2. The date upon which Overhill Farms was first served with the Summons and Complaint was April 4, 2019. True and correct copies of the documents served upon Overhill Farms on April 4, 2019 (other than the Complaint already attached as Exhibit A) are attached hereto as Exhibit B. These documents attached as Exhibit B include the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment Unlimited Civil Case, Instructions for Handling Unlimited Civil Cases, Voluntary Efficient Litigation Stipulations, Stipulation – Early Organizational Meeting (blank form), Stipulation – Discovery Resolution (blank form), Informal Discovery Conference (blank form), Stipulation and Order – Motions in Limine (blank form), and Alternative Dispute Resolution (ADR) Information Packet.

3. Plaintiff Zamora brought the Complaint on behalf of herself and a class of individuals she defined as "all current and former non-exempt employees of Defendant in the State of California at any time within the period beginning four (4) years prior to the filing of this action." (Compl. ¶ 5.) Plaintiff also seeks relief

under the Private Attorneys General Act "for all aggrieved employees." (Compl. ¶¶ 6-7.)

## COMPLIANCE WITH REMOVAL PROCEDURES

4. This Notice of Removal is timely filed as required by 28 U.S.C. §1446(b) because it is filed within thirty days of service of the Complaint and Summons upon Overhill Farms. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5. Promptly after filing this Notice of Removal, Overhill Farms will file a Notice Of Removal Of Action To Federal Court with the Clerk of the Superior Court of the State of California, County of Los Angeles, notifying it of its removal of the action to this Court. Attached as Exhibit C is a copy of this notice (without exhibits), which will be promptly filed with the Superior Court and served on Plaintiff.

6. Exhibits A and B constitute all process and pleadings with which Overhill Farms was served regarding the State Court Action.

7. Overhill Farms is the only named (non-Doe) defendant in the action and, therefore, there are no other defendants to join in this Notice of Removal. On information and belief, "DOES 1 through 25" have not been identified, named, or served.

## FEDERAL QUESTION JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the district courts of the United States have original jurisdiction over any action brought for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. Therefore, Overhill Farms may remove this action pursuant to 28 U.S.C. § 1441(a) and (c) because, at least in part, it arises under, and is preempted by, the LMRA. Pursuant to 28 U.S.C. § 1367 and 1441(c), this Court has supplemental jurisdiction

over Plaintiff's remaining state-law claims, if any, because they are part of the same case and controversy, and they are removable.

    a.    At all relevant times, Overhill Farms was an employer employing employees in an industry affecting commerce, as defined by the LMRA, 29 U.S.C. § 142(1), *et seq.*

    b.    At all relevant times during which Plaintiff was employed by Overhill Farms, Plaintiff was represented by a labor organization and employed pursuant to a collective bargaining agreement ("CBA") between Overhill Farms and Local 770 of the United Food and Commercial Workers ("Union"). See Yolanda Diaz Declaration ¶ 4. The Union is a labor organization representing employees in an industry affecting commerce as defined in the LMRA.

    c.    Overhill Farms and the Union are parties to the CBA. A true and correct copy of the CBA is attached as Exhibit 1 to the Declaration of Yolanda Diaz. The CBA expressly provides for the wages, hours of work, and working conditions of Plaintiff and the other union members in the alleged class. (Diaz Decl. ¶ 5.) The CBA also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for some of the employees in the alleged class which is not less than 30 percent more than the state minimum wage. (Diaz Decl. ¶ 6.)

    d.    Although Plaintiff alleges employment with Overhill Farms, Plaintiff avoids mentioning that she and the class she seeks to represent are members of the Union, and that the terms of their employment with Overhill Farms were governed by the CBA. Instead of using the dispute resolution procedures in the CBA, Plaintiff filed this class action in state court, without mentioning the CBA that governed her employment. Plaintiff cannot use such artful pleading to avoid application of the LMRA to Plaintiff's claims, and the Court must look outside of Plaintiff's Complaint, to the terms of the CBA, which show that Plaintiff's claims, as explained below, are governed by, and require interpretation of, the CBA, not the

Labor Code, and thus arise under section 301 of the LMRA. *See, e.g.*, *Young v. Anthony's Fish Grotto, Inc.*, 830 F. 2d 993, 997 (9th Cir. 1987) (court may properly look beyond face of complaint to determine whether claim is "in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

e. Most recently in *Curtis v. Irwin Industries*, 913 F.3d 1146, 1151-52 (9th Cir. 2019), the Ninth Circuit explained that "federal preemption under § 301 is an essential component of federal labor policy for three reasons":

> First, a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government. Thus, a CBA is part of the continuous collective bargaining process. Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it calls into being a new common law—the common law of a particular industry or of a particular plant. Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment. Third, grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process. [internal quotation marks and citations omitted].

f. For these reasons, section 301 of the LMRA completely preempts any and all purported state law causes of action by an employee that are based on rights created by a collective bargaining agreement or that require interpretation of a collective bargaining agreement. *See Allis-Chalmers Corp. v. Leuck*, 471 U.S. 202, 220 (1985) ("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law"); *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991) (Section 301 completely preempts state law claims either when those claims are "founded directly on rights created by collective-bargaining agreements" or when a claim based on a state law right "requires the interpretation of a collective bargaining agreement").

g. Any application of state law is preempted by section 301 "if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413 (1988). Because of "the unusually 'powerful' pre-emptive force of § 301," this is true even if the plaintiff seeks relief "only under state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003). "[LMRA section] 301 acts to preempt state law claims that substantially depend on the CBA, that are premised on negotiable or waivable state law duties the content of which has been covered by the CBA, or that seek to enforce the terms of the CBA . . . ." *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002).

h. Claims that are completely preempted by section 301 of the LMRA are treated as claims arising under federal law of which this Court has original jurisdiction under 28 U.S.C. § 1331. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. . . The complete

pre-emption [doctrine] is applied primarily in cases raising claims pre-empted by § 301 of the LMRA.").

        i.    Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction simply by casting in state law terms a claim that can be made only under federal law. See *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("Employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . . In such cases, the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law.").

9.    As demonstrated below, "evaluation of the [state-law] claim[s] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp.*, 471 at 213. As such, they are completely preempted by section 301 of the LMRA and properly removed on the grounds of federal question jurisdiction.

10.    <u>The LMRA Preempts Plaintiff's First and Second Causes of Action</u>. Plaintiff alleges in her First and Second Causes of Action that Overhill Farms failed to provide meal and rest breaks. (Compl. ¶¶ 16, 21.) The CBA provides for meal and rest breaks in Article XI, sections E and F. (Exh. 1 to Diaz Decl.) The CBA further provides, "Employees who claim they were not given the opportunity to take the rest breaks or meal periods described above [in section E and F] must notify the Employer in writing within two (2) business days and cannot file a grievance or make a claim of any kind if they have not done so." (Exh. 1, Article XI, Section G.) Plaintiff and Overhill Farms dispute the meaning and application of this CBA provision, including whether and to what extent Plaintiff (and the class she seeks to represent) agreed not to make the meal and rest break claims at issue in their First and Second Causes of Action because they had the opportunity to

report the issue to Overhill Farms, but failed to do so as agreed. As a result, the Court will have to interpret this disputed provision to resolve Plaintiff's claims.

11. <u>The LMRA Preempts Plaintiff's Third Cause of Action</u>. Plaintiff alleges in her Third Cause of Action that Overhill Farms failed to pay her overtime wages in violation of Labor Code §§ 510 and 1194. (Compl. ¶ 28.) Labor Code § 514, however, provides: "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." The CBA in this case meets those requirements as to at least some of the employees in the alleged class. (Diaz Decl. ¶ 6.) As a result, the right to overtime for those employees exists solely as a result of the CBA, and not Labor Code § 510. This claim, therefore, is preempted under section 301. *See Hall v Live Nation*, 146 F. Supp. 3d 1187, 1203 (C.D. Cal. 2015) ("Because under Labor Code 204, 510, and 1194, a compliant CBA applies rather than the Labor Code, the 2015 CBA governs plaintiff's third cause of action [for overtime]. The claim is therefore preempted.").

In addition, Plaintiff alleges that Overhill Farms failed to incorporate all compensation into the regular rate of pay for purposes of calculating overtime. (Compl. ¶ 28, lines 20-21.) In order to determine the regular rate of pay for purposes of resolving Plaintiff's overtime claim, the Court will be required to interpret the CBA, including Articles XII and XXX. *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) ("The district court held that one could not determine whether plaintiffs were receiving a "premium wage rate" for overtime under the collective bargaining agreement-making them exempt from California overtime laws-without interpreting that agreement to determine,

1 *inter alia*, what the regular rate was. For the following reasons, we agree with the
2 district court that resolution of this issue requires interpretation of the agreement,
3 and that the state law overtime claim is therefore preempted.").

4 12. <u>The LMRA Preempts Plaintiff's Seventh Cause of Action</u>. Plaintiff
5 alleges in her Seventh Cause of Action that Overhill Farms failed to indemnify her
6 and the alleged class for expenses and unspecified losses "in direct consequence of
7 the discharge of their duties," including expenses for uniforms and other
8 unspecified employment-related expenses, in violation of Labor Code § 2802.
9 (Compl. ¶ 46.) The CBA provides, "Employer shall supply all necessary tools,
10 equipment, and supplies needed in the performance of work, including uniforms if
11 required by Employer." (Exh. 1 to Diaz Decl, Article XV, Section A.) The parties
12 dispute whether uniforms were "necessary," required or purchased "in direct
13 consequence of the discharge of their duties." The Court will need to interpret the
14 CBA to determine the parties' intent and practices as to what was "necessary" and
15 "required by Employer" as provided in Section A of Article XV. As a result, this
16 claim is preempted by the LMRA.

17 13. <u>The LMRA Preempts Plaintiff's Fifth, Sixth, Eighth and Ninth Causes
18 of Action</u>. Plaintiff's Fifth, Sixth, Eighth, and Ninth Causes of Action are
19 derivative of her First, Second, Third and Seventh Causes of Action. As such and
20 to that extent, they too are preempted by the LMRA for the same reasons that the
21 First, Second, Third and Seventh Causes of Action are preempted.

22 14. Because resolution of Plaintiff's claims requires interpretation of the
23 CBA, Plaintiff's claims are preempted by the LMRA and, therefore, arise under
24 federal law.

25 15. If the Court is inclined to remand this action, Overhill Farms
26 respectfully requests that the Court issue an order to show cause why the case
27 should not be remanded, providing the parties with an opportunity to present
28 briefing and argument prior to any possible remand. This action is appropriate

because remand is not subject to appellate review, and because this notice of removal contains only "a short and plain statement of the grounds for removal," as required by Section 1446(a).

Dated: May 3, 2019

TROUTMAN SANDERS LLP

By: /s/ Mark J. Payne
Mark J. Payne
Attorneys for Defendant
OVERHILL FARMS, INC.