**EXHIBIT "A"**



MATERN LAW GROUP, PC
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Andrew J. Sokolowski (SBN 226685)
E-mail: asokolowski@maternlawgroup.com
Brittany R. Gibson (SBN 290331)
Email: bgibson@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff Marlen A. Beltran Zamora an individual, on behalf of others similarly situated, and as an aggrieved employee under the Labor Code Private Attorneys General Act of 2004

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 29 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARLEN A. BELTRAN ZAMORA, an individual, on behalf of others similarly situated, and as an aggrieved employee under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>OVERHILL FARMS, INC., a Nevada Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: **19STCV10854**<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wage<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION**<br><br>9. For Civil Penalties under the Labor Code Private Attorneys General Act of 2004<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF MARLEN A. BELTRAN ZAMORA ("PLAINTIFF") an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, and as an aggrieved employees under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), alleges as follows:

## JURISDICTION AND VENUE

1. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF, an individual, is a resident of the State of California, PLAINTIFF'S claims arise under California law, and Defendant OVERHILL FARMS, INC., a Nevada Corporation ("DEFENDANT") is licensed to do business in California and operates a principal place of business in Vernon, California. Further, no federal question is at issue because the claims are based solely on California law.

2. Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANT in the County of Los Angeles, DEFENDANT maintains principal offices and facilities and transacts business in Vernon, California, County of Los Angeles and because DEFENDANT'SS labor policies and practices, which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Los Angeles.

## PLAINTIFF

3. PLAINTIFF MARLEN A. BELTRAN ZAMORA ("PLAINTIFF") is a female resident of the State of California and a former employee of DEFENDANT. DEFENDANT employed PLAINTIFF from approximately September 2008 through August 2018.

4. PLAINTIFF brings this class action to recover, among other things, unpaid and underpaid wages earned and due and related penalties including, but not limited to, unpaid minimum wages, unpaid and illegally or improperly calculated overtime compensation, meal and rest period premium payments, waiting time penalties for DEFENDANT'SS failure to pay all wages due to discharged and quitting employees, unreimbursed expenses for DEFENDANT'SS failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, penalties for DEFENDANT'SS failure to provide accurate itemized wage statements,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  and interest, attorneys' fees, costs, and expenses.

2      5.    PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANT in the State of California at any time within the period beginning four (4) years prior to the filing of this action, and ending at the time of class certification (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives and to seek certification of alternative and/or additional classes and subclasses.

    6.    PLAINTIFF also brings this action as an aggrieved employee under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), as the State of California's duly authorized proxy, to recover civil penalties for DEFENDANT'SS Labor Code violations including, but not limited to, DEFENDANT'SS: failure to pay all wages due and owing, including minimum wages and overtime; failure to provide legally compliant meal and rest periods; failure to pay waiting time penalties; failure to reimburse employees for necessary business expenditures; failure to provide accurate itemized wage statements; and failure to maintain adequate records as the Labor Code requires. In addition, PLAINTIFF seeks attorneys' fees, litigation costs, and interest under PAGA.

    7.    PLAINTIFF seeks relief under PAGA for all aggrieved employees, for the time period commencing one year and sixty-five days before this lawsuit was filed to the time of judgment (the "PAGA PERIOD").

## DEFENDANT

    8.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times DEFENDANT OVERHILL FARMS, INC. was and is a Nevada corporation authorized to conduct business in the State of California, and that DEFENDANT conducts business in the State of California. Specifically, upon information and belief and based on DEFENDANT'SS filings with the California Secretary of State, DEFENDANT maintains its principal offices and facilities and conducts business in and engages in illegal labor practices in the City of Vernon, in the County of Los Angeles, State of California.

    9.    The true names and capacities of DOES 1 through 25, inclusive, (the "DOE

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3    CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Defendants") are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each DOE Defendant is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

10. At all relevant times herein, DEFENDANT OVERHILL FARMS, INC. and the DOE Defendants, and each of them, were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANT were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

11. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANT and the DOE Defendants under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANT and the DOE Defendants, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods and failing to pay premiums; failing to correctly calculate CLASS MEMBERS' work time; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code, the applicable IWC Wage Order and the Private Attorneys General Act.

12. PLAINTIFF is informed and believes, and thereon alleges, that each and every one

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of the acts and omissions alleged herein were performed by, and/or attributable to, each defendant, each acting as agents and/or employees, and/or under the direction and control of, each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

13. As a direct and proximate result of the unlawful actions of DEFENDANT and the DOE Defendants, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer damages including lost and unpaid wages in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

14. This action is appropriately suited for a Class Action because:

a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANT'SS systematic course of illegal employment practices and policies, which was applied to all non-exempt employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c. The claims of PLAINTIFF are typical of the class because DEFENDANT subjected all non-exempt employees to identical or substantially similar violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

d. PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked and because PLAINTIFF'S interests do not conflict with the interests of the CLASS MEMBERS.

//
//
//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

## CLASS ACTION

### FIRST CAUSE OF ACTION
**Failure to Provide Required Meal Periods**
[Cal. Labor Code §§ 226.7 and 512]
(Against OVERHILL FARMS, INC., and Does 1 through 25)

15. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

16. During the CLASS PERIOD, as part of DEFENDANT'SS illegal labor policies and practices, DEFENDANT have required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, to work through them, and/or to take them after the end of the fifth hour of work, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512.

17. On information and belief, among other things DEFENDANT failed to provide legally compliant meal periods because they failed to adequately staff their facilities such that employees could perform their job duties and take legally compliant meal periods. As a result, PLAINTIFF and CLASS MEMBERS were not provided a meal period at all, or were only afforded non-compliant meal periods that were less than 30 minutes long and/or occurred after the end of the fifth hour of work.

18. DEFENDANT have further violated California Labor Code §§ 226.7 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided. On information and belief, on some occasions when DEFENDANT compensated CLASS MEMBERS for meal period violations, it underpaid meal premiums as a result of failing to incorporate all compensation, including non-discretionary bonuses, into the regular rate.

19. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit, including

attorneys' fees under California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION
### Failure to Provide Required Rest Periods
### [Cal. Labor Code §§ 226.7]
### (Against DEFENDANT OVERHILL FARMS, INC. and Does 1 through 25)

20. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

21. At all times relevant herein, as part of DEFENDANT'S illegal employment policies and practices, DEFENDANT failed to provide rest periods to PLAINTIFFS and CLASS MEMEBERS as required under California Labor Code §§ 226.7.

22. On information and belief, among other things DEFENDANT failed to authorize and permit legally compliant rest periods because they failed to adequately staff their facilities such that employees could perform their job duties and take legally compliant rest periods. As a result, PLAINTIFF and CLASS MEMBERS were not provided rest periods at all, or were only afforded non-compliant rest periods that were less than 10 minutes long.

23. DEFENDANT further violated California Labor Code § 226.7 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

24. DEFENDANT further violate California Labor Code § 226.7 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided. On information and belief, DEFENDANT did not pay rest period premiums.

25. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit, including attorneys' fees under California Code of Civil Procedure §1021.5.

//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### [Cal. Labor Code §§ 510 and 1194]
### (Against DEFENDANT OVERHILL FARMS, INC. and Does 1 through 25)

26. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

27. Pursuant to California Labor Code §§ 510 and 1194, DEFENDANT are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

28. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194. During the CLASS PERIOD, DEFENDANT failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: not paying PLAINTIFF and the CLASS MEMBERS for all time recorded in their time records and/or time detail; failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 (including as a result of failing to incorporate all compensation, including non-discretionary bonuses, into the regular rate); requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work during meal periods while clocked out; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and other methods to be discovered.

29. In violation of California law, DEFENDANT have knowingly and willfully refused to perform its obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANT to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

30. In violation of California law, DEFENDANT have knowingly and willfully refused to perform its obligation to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANT to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

31. DEFENDANT'S conduct described herein violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code §§ 218.5, 218.6, 510, and 1194, and other applicable provisions under the Labor Code and IWC Wage Orders and California Code of Civil Procedure § 1021.5, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wages**
[Cal Labor Code §§ 1194]
(Against DEFENDANT OVERHILL FARMS, INC. and Does 1 through 25)

32. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

33. Pursuant to California Labor Code § 1194, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

34. During the CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: not paying PLAINTIFF and the CLASS MEMBERS for all time recorded in their time records and/or time detail; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work during meal breaks while clocked out; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and other methods to be discovered.

35. DEFENDANT'S conduct described herein violates California Labor Code §1194. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 218.5, 218.6, 1194, and other applicable provisions under the Labor Code and IWC Wage Orders and California Code of Civil Procedure § 1021.5, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Due to Discharged and Quitting Employees
### [Cal. Labor Code § 203]
### (Against DEFENDANT OVERHILL FARMS, INC. and Does 1 through 25)

36. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

37. Pursuant to California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. Furthermore, pursuant to California Labor Code § 202, DEFENDANT are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

38. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

39. During the CLASS PERIOD, DEFENDANT have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202. DEFENDANT'S failure to pay all accrued wages to

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  PLAINTIFF and CLASS MEMBERS who were discharged or who quit, as described above, was willful within the meaning of Labor Code § 203 in that DEFENDANT failed or refused to perform an act that was require to be done, i.e., paying PLAINTIFF and CLASS MEMBERS all wages due and owing at the time or separation from employment. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in Labor Code § 203, together with interest thereon, as well as other available remedies.

40. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recover such amounts, plus interest thereon, and attorneys' fees and costs, under California Code of Civil Procedure § 1021.5 and California Civil Code §§ 3283 and 3288.

<u>SIXTH CAUSE OF ACTION</u>
Failure to Furnish Accurate Itemized Wage Statements
[Cal. Labor Code §§ 226]
(Against OVERHILL FARMS, INC. and Does 1 through 25)

41. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

42. During the CLASS PERIOD, DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, the correct total hours worked, the correct total hours worked for which they were being paid, all deductions made, net wages earned, all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226.

43. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code § 226(e), and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), California

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Code of Civil Procedure § 1021.5, California Civil Code §§ 3283 and 3288, as well as other available remedies.

### SEVENTH CAUSE OF ACTION
**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**
**[Cal. Labor Code §§ 2802]**
(Against OVERHILL FARMS, INC. and Does 1 through 25)

44. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

45. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

46. During the CLASS PERIOD, DEFENDANT knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANT, including but not limited to expenses for uniforms, and other employment-related expenses, in violation of California Labor Code § 2802.

47. As a proximate result of DEFENDANT'S unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

### EIGHTH CAUSE OF ACTION
**Unfair and Unlawful Business Practices**
**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**
(Against DEFENDANT OVERHILL FARMS, INC. and Does 1 through 25)

48. PLAINTIFF incorporates the foregoing allegations by reference, as though fully set forth herein.

49. Each and every one of DEFENDANT'S acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but

not limited to DEFENDANT'S failure and refusal to provide required meal periods, DEFENDANT'S failure and refusal to provide required rest periods, DEFENDANT'S failure and refusal to pay overtime compensation, DEFENDANT'S failure and refusal to pay minimum wages, DEFENDANT'S failure and refusal to furnish accurate itemized wage statements, DEFENDANT'S failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

50. DEFENDANT'S violations of California wage and hour laws constitute a business practice because DEFENDANT'S aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

51. DEFENDANT have avoided payment of wages, overtime wages, meal and rest period premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.

52. As a result of DEFENDANT'S unfair and unlawful business practices, DEFENDANT have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANT should be required to make restitution to PLAINTIFF and CLASS MEMBERS.

53. DEFENDANT'S unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek orders that DEFENDANT account for and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

**NINTH CAUSE OF ACTION**
**For Civil Penalties Under the Labor Code Private Attorneys General Act of 2004**
**[Cal. Labor Code §§ 2698- 2699.5]**
**(Against All DEFENDANT)**

54. PLAINTIFF incorporates the foregoing allegations by reference as though fully set forth herein, with exception to the allegations concerning class action designation in Paragraph 14 (a)-(d).

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

55. Under the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, private parties may recover civil penalties for violations of the Labor Code. These penalties are in addition to any other relief available under the Labor Code. As set forth above, DEFENDANT has committed numerous violations of the Labor Code against PLAINTIFF and other current and former non-exempt employees, including but not limited to:

   a. Failing to properly compensate PLAINTIFF and other current and former non-exempt employees for missed meal and rest periods in violation of Labor Code §§ 226.7, 510, 512, 1194, 1197 and IWC Wage Order No. 5-2001;

   b. Failing to properly compensate PLAINTIFF and other current and former non-exempt employees for all overtime hours worked in violation of Labor Code §§ 226, 510, 1194, 1197, and IWC Wage Order No. 5-2001;

   c. Failing to compensate PLAINTIFF and other current and former non-exempt employees at a wage rate at least equal to the California minimum wage for each hour worked in violation of Labor Code §§ 226, 510, 1182.12, 1194, 1197, and 1174.5;

   d. Failing to timely pay all wages during employment in violation of California Labor Code § 204;

   e. Failing to maintain records as required for PLAINTIFF and other current and former non-exempt employees in violation of Labor Code §§ 226, 1174, 1174.5;

   f. Failing to provide PLAINTIFF and other current and former non-exempt employees with accurate itemized wage statements in violation of Labor Code § 226; and

   g. Failing to properly compensate PLAINTIFF and other current and former non-exempt employees for all wages due in violation of Labor Code § 203.

56. PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANT pursuant to the procedures specified in

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANT and at least one of the alleged violations of the California Labor Code were committed against PLAINTIFF.

57. Pursuant to PAGA, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under Labor Code §§ 2699, 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 1199 from DEFENDANT in a representative action for the violations set forth above, including but not limited to violations of Labor Code §§ 203, 204, 206.5, 226(a), 226.7, 510, 512, 1174, 1182.12, 1194, 1197, 1198 and 2802. PLAINTIFF reserves the right to cover civil penalties under Labor Code § 558, including civil penalties in an amount to recover underpaid wages. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

58. Pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice on November 14, 2018 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANT of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than 65 days have passed since PLAINTIFF provided written notice to the LWDA. The LWDA has not provided notice that it intends to investigate PLAINTIFF'S claims.

59. Accordingly, PLAINTIFF intends to seek appropriate civil penalties for the period commencing one year and sixty-five days before this action was filed through the time of judgment (the "PAGA PERIOD").

60. Accordingly, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANT and DOES 1 through 25, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS from the DEFENDANT'S unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For waiting time penalties pursuant to California Labor Code § 203;

6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 210, 226, 226(e), 558, 1174.5, 1197.1, 1199, and 2698-2699.5;

7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226(e)(1), 1194, 2699(g)(1), 2802(c), California Code of Civil Procedure § 1021.5, and any other applicable provisions that provide for recovering attorneys' fees and costs;

9. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

10. For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

//
//
//
//
//
//
//
//
//
//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16  CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

11. For such further relief that the Court may deem just and proper.

DATED: March 27, 2019

Respectfully submitted,

MATERN LAW GROUP, PC

By: _____
Matthew J. Matern
Andrew J. Sokolowski
Brittany R. Gibson

Attorneys for Plaintiff Marlen Beltran, an individual, on behalf of others similarly situated, and as an aggrieved employee under the Labor Code Private Attorneys General Act of 2004

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: March 27, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: *[signature]*

Matthew J. Matern
Andrew J. Sokolowski
Brittany R. Gibson
Attorneys for Plaintiff
Attorneys for Plaintiff Marlen Beltran, an individual, on behalf of others similarly situated, and as an aggrieved employee under the Labor Code Private Attorneys General Act of 2004

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT