UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
AUG 21, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Marlen A. Beltran Zamora,

Plaintiff,

v.

Overhill Farms, Inc. et al.,

Defendant.

2:19-cv-03891 VAP (AFMx)

**Order GRANTING Plaintiff's Motion to Remand (Doc. No. 19)**

Before the Court is a Motion to Remand filed by Plaintiff Marlen A. Beltran Zamora ("Plaintiff"). (Doc. No. 19, "Motion"). After considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of California, County of Los Angeles.

## I. BACKGROUND

Plaintiff filed this putative class action in Los Angeles Superior Court on March 29, 2019, bringing claims of (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged employees; (6) failure to furnish accurate itemized statements; (7) failure to indemnify employees for necessary expenditures; (8) unfair and unlawful business practices; and (9) civil penalties under the Labor Code Private Attorneys General Act of 2004. (Doc. No. 1-1.)

Defendants removed the case to this Court on May 3, 2019 on the basis that the Labor Management Relations Act preempts Plaintiff's claims. (Doc. No. 1.) Plaintiff now moves for remand, arguing that Plaintiff's claims are not preempted. (Doc. No. 19-1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 *et seq.*; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Under 28 U.S.C. § 1331, the Court has jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392. The only exception to this rule is where the plaintiff's federal claim has been

disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions that commenced in state courts when the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

## III. DISCUSSION

Defendants' Notice of Removal states that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, ("LMRA"), as "resolution of Plaintiff's claims requires interpretation of the" collective bargaining agreement ("CBA") "and, therefore, arise under federal law." (Doc. No. 1 at 9.) Section 301(a) of the LMRA gives federal courts subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law . . . ." *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441(e). This preemptive effect extends beyond suits for violations of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). Thus, a state law claim is preempted if it is "inextricably intertwined" with the labor contract. *Id.* at 213.

3

"Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers* Corp, 471 U.S. at 211. Claims to vindicate non-negotiable state law rights that are "independent of any right established by contract" are not within the scope of § 301. *Id.* at 213. If state law creates a right that cannot be waived or modified by a private contract and that right can be enforced without reference to the particular terms of the contract, § 301 does not preempt the claim. *Miller v. AT & T Network Systems*, 850 F.2d 543, 546 (1988). Similarly, a "hypothetical connection between the claim and the terms of the CBA" does not result in § 301 preemption. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Nor is preemption warranted "simply because the court may have to consult the CBA [or] 'look[] to' the CBA merely to discern that none of its terms is reasonably in dispute." *Id.* at 692.

The Ninth Circuit uses a two-part test to determine whether a state law claim is pre-empted by § 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* If "the right exists independently of the CBA," however, the claim is preempted by § 301 only if "[the claim] is nevertheless 'substantially dependent on analysis'" of the CBA. *Id.* (quoting *Caterpillar*, 482 U.S. at 394). Applying

this test, the Court concludes that Plaintiff's claims are not preempted by § 301 of the LMRA.

### A. Plaintiff's Meal and Rest Period Claims

Plaintiff argues, and Defendants do not dispute, that the meal and rest period claims assert state law rights. (Doc. Nos. 19-1, 22.) Preemption, then, depends on whether the claims substantially depend on an analysis of the CBA. *Burnside*, 491 at 1059.

Defendants argue that, as the CBA sets forth the parties' agreement about meal and rest breaks, "the Court cannot resolve Plaintiff's allegation that breaks were interrupted or cut short without interpreting the meaning, scope or application of the CBA provisions." (Doc. No. 22 at 8.) In reviewing district courts' CBA analysis, however, the Ninth Circuit has repeatedly "stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). Defendants posit that resolution of Plaintiff's claims requires the Court to analyze Sections E and F of the CBA—the paragraphs defining when employees may take breaks—which Defendants describe as "detailed." (Doc. No. 22 at 8.) These paragraphs may be detailed, but are not particularly complex; they read, in their entirety, as follows:

Every Employee who works a shift of six (6) hours or more shall be provided an unpaid, duty-free meal period which shall be no less than thirty (30) minutes in length. The first meal period shall be provided after the first three

and one half (3 ½) hours worked, but before the completion of the fifth hour worked, and **additional meal periods will be provided as required by law**, except that the second meal period will be paid if the Employee is required to work beyond 10 hours.  To clarify past and future practice, hand washing and/or clothes changing shall not be done during the unpaid, duty-free meal period.

Within a reasonable time after the Employer learns that there will be a meal period extension, which must not exceed thirty (30) minutes without pay, affected Employees shall be notified.  In no event shall any Employee be required to wait more than one-half [sic] hour after lunch without pay or for such portion of that half hour that could have been avoided because it was within the Employer's control to do so.  In such case, the Employee shall be paid for that part of thee waiting time that could have been avoided even though the Employees performed no work during that time but were ready to commence work.  (Doc. No. 10-1 at 15.)

Contrary to Defendants' assertion, analysis of "the heart of Plaintiff's statutory claims for missed breaks" lies in mere application of the CBA.  The language that the Court would be required to interpret is that of the Labor Code, which governs the meal and rest breaks that the employees may take, Cal. Lab. Code §§ 226.7, 512, and is incorporated by reference into the CBA paragraphs reproduced above.  Adjudicating Plaintiff's claims thus does not require more than a "consideration" of the CBA.  *See Balcorta*, 208 F.3d at 1108.

Defendants also argue that the Court must interpret the CBA to determine damages based on the CBA's varying pay rates.  (Doc. No. 22 at 9-10.)  Article XXX of the CBA clearly defines the rates of pay for employees based on their job function, however.  "Looking" to the CBA to discern that its terms are not reasonably in dispute[1] and consulting the CBA to refer to

---

[1] As Plaintiff rightly notes, "whether Defendant paid employees the correct rates under the CBA is not at issue." (Doc. No. 24 at 5.)  *See Placencia v.*

6

wage rates in computing a penalty is not enough to warrant preemption. *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)).

Defendants' final argument, that the Court must interpret the CBA because it outlines a grievance procedure that Plaintiff had to follow, or forfeit "mak[ing] the kinds of meal and rest break claims now at issue," (Doc. No. 22 at 10), also fails. Defendants appear to be describing what may be a valid affirmative defense, but the Ninth Circuit has held that "a defense based on the terms of a CBA is not enough to require preemption." *Cramer*, 255 F.3d at 690; *see also Burnside*, 491 F.3d at 1060, ("reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim") (quotations and citations omitted); *Meyer v. Irwin Industries, Inc.*, 723 F. Supp. 2d 1237, 1247 (C.D. Cal. 2010) (finding asserted defense based on CBA is insufficient for § 301 preemption). Accordingly, Plaintiff's meal and rest period claims are not preempted.

**B. Plaintiff's Overtime Claim**

California Labor Code § 514 provides that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides

---

*Amcor Packaging Distribution*, Inc., No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *3 (C.D. Cal. May 12, 2014) ("Plaintiff, as the master of his complaint, has chosen to plead his…claim not under the CBA, but rather under California law.")

premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Defendants assert that Plaintiff's claims accordingly do not arise from state law rights, as § 514 overrides claims for "at least some of the employees in the alleged class."[2] (Doc. No. 22 at 11.) Courts in this district, however, consistently treat the statutory exemptions of § 514 as an affirmative defense that must be proven by a defendant, and it is not a basis for preemption.[3] *E.g. Raphael v. Tesoro Refining & Marketing Co. LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293, at *5 (C.D. Cal. June 30, 2015) (finding that defendant's assertion of § 514 exemption was not a basis for removal); *Placencia v. Amcor Packaging Distribution, Inc.*, No. 14-cv-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014) (noting that determining if § 514 destroys a plaintiff's claims is a question of state law). As a § 514 defense is therefore inapplicable for the purposes of determining jurisdiction, Plaintiff's overtime claim asserts state law rights.

Article XII of the CBA states that "[e]xcept as specifically provided below, the Employer will pay overtime premiums only as required by California and

---

[2] As this is not a Motion to Certify a Class, the Court analyzes Plaintiff's claims, and does not weigh the claims of potential class members in considering its jurisdiction.

[3] Defendants cite *Curtis v. Irwin Industries, Inc.* 913 F.3d 1146 (9th Cir. 2019), in support of their argument that Plaintiff's overtime claims exist solely due to the CBA. (Doc. No. 22 at 12.) In *Curtis*, however, the plaintiff conceded the applicability of the affirmative defense, arguing instead "that to qualify for the exemption from section 510's definition of overtime, a CBA must provide employees with overtime that is equivalent to section 510's definition of overtime" *Curtis*, 913 F.3d at 1154. Plaintiff makes no such concession here.

federal law." (Doc. No. 10-1 at 16.) The CBA goes on to define clearly the rates of pay, and dictates that daily overtime shall be offered based on seniority. *Id.* Although this portion of the agreement consumes a scant half page in total, Defendants claim that the Court must interpret the CBA to determine how the parties agreed to "deviate from the requirements of California and federal law," and how they interpreted "federal law for the payment of overtime premiums." (Doc. No. 22 at 13.) This argument fails. Adjudication of Plaintiff's claims requires the interpretation of California and federal law, not interpretation of (the clear-cut) Article XII of the CBA. *See Gregory v. SCIE, LLC,* 317 F.3d 1050, 1053 (9th Cir. 2003) ("The question here is . . . whether when overtime is paid under the CBA it is paid for *all overtime hours worked*, as required by California law.") (emphasis in original)). Defendants also argue that the Court must interpret the CBA to determine the proper pay rates for calculating overtime. (Doc. No. 22 at 13.) As explained above, however, consulting the CBA to refer to wage rates in computing a penalty is not enough to warrant preemption. *See Castillo v. Long Beach Memorial Medical Center*, 132 F. Supp. 3d 1194, 1201 (C.D. Cal. 2015) ("The dispute here is not whether Plaintiffs' or Defendants' preferred method of base pay calculation is proper, but rather whether the overtime rates described in the CBA satisfy state law.")

### C. Plaintiff's Minimum Wage Claim

California Labor Code § 1194 provides that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full

amount of this minimum wage or overtime compensation." Defendants concede that Plaintiff's minimum wage claim arises under state law, but argue that it requires interpretation of the CBA, which gives the employer "the right to manage its own business and operations" and "provides detailed provisions for the hours of work, start and end times, and duty-free breaks from work." (Doc. No. 22 at 14-15.) Defendants offer no authority to support the contention that an employer's ability to manage its business encompasses the right to pay employees less than the minimum wage. Plaintiff's claim is not preempted. *See Ramirez v. Quemetco, Inc.*, No. 17-cv-03384 SJO (MRWx), 2017 WL 2957935, at *6 (C.D. Cal. July 11, 2017) (finding that § 301 preemption does not apply to a minimum wage claim).

### D. Plaintiff's Reimbursement Claim

Plaintiff's claim for failure to indemnify employees for necessary expenses arises from Defendants' alleged failure to reimburse Plaintiff for purchasing a uniform. (Doc. No. 1-1 at 13.) California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." The CBA provides that the employer will "supply all necessary tools…including uniforms." (Doc. No. 10-1 at 18.) Defendants argue that Plaintiff's claim therefore substantially depends on the collective bargaining agreement, as "what clothing constitutes a reimbursable 'uniform' depends on the scope, meaning and application of the CBA." (Doc. No. 22 at 16.) This argument is belied by the non-waivable

nature of an employee's right to reimbursement for necessary expenses,[4] Cal. Lab. Code § 2204 ("Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void."), as well as a labor regulation defining when a uniform is considered to be necessary.[5] Plaintiff's claim for reimbursement, then, does not require interpretation of the CBA. *See Williams v. Hollywood Park Racing Association LLC*, No. 12-cv-01184 DDP (FFMx), 2012 WL 1425152, at *3 (C.D. Cal. Apr. 24, 2012) ("the uniform allegations may involve independently existing state law rights to reimbursement, provided by California Labor Code section 2802").

### E. Plaintiff's Remaining Claims

The parties concur that Plaintiff's remaining claims are derivative of Plaintiff's meal and rest break, overtime, minimum wage, and reimbursement claims, (Doc. Nos. 19-1, 22, 24), none of which are preempted by § 301. Accordingly, Plaintiff's remaining claims provide no basis for the Court's jurisdiction in this case.

---

[4] "Therefore, 'nonnegotiable state-law rights . . . independent of any right established by contract' are not preempted." *Miller v. AT&T Network Systems*, 850 F.2d 543, 546 (1988) (citing *Allis-Chalmers Corp.*, 471 U.S. at 213).

[5] "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color." Cal. Code Regs. tit. 8, § 11140, ¶ 9.

## IV. CONCLUSION

The Court therefore GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

Dated: 8/21/19

/s/ Virginia A. Phillips
Virginia A. Phillips
Chief United States District Judge